IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EULALIO CASTRO ZAVALA,

    Plaintiff,

v.   No. 20-cv-0738 KRS/SMV

CHISHOLM ENERGY OPERATING, LLC;
CHISHOLM ENERGY MANAGEMENT, LLC; and
CONTEK SOLUTIONS, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 4], filed by Defendant Contek Solutions, LLC ("Contek") on July 23, 2020. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Contek to amend its Notice of Removal no later than **September 3, 2020,** if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On July 23, 2020, Contek filed its Notice of Removal under 28 U.S.C. § 1332. [Doc. 4] at 2–3. The Notice asserts that there is complete diversity between Plaintiff and Defendants and that the amount in controversy exceeds $75,000. *Id.* Contek alleges that "Plaintiff is a Mexican

national currently residing in Arizona." *Id.* at 2.  Contek alleges that it is a limited liability company with only one member, Environmental Resource Management Southwest, Inc. ("ERMSI"), "a corporation organized under the laws of Texas." *Id.*  Without alleging the principal place of business of ERMSI, Contek asserts that it "is a citizen of Texas." *Id.*

Contek also alleges the citizenship of Defendant Chisholm Energy Operating, LLC and Defendant Chisholm Energy Management, LLC (the "Chisholm Defendants"), but it is unclear how Contek reached its conclusions.  It begins by alleging that the Chisholm Defendants—two unincorporated associations—were formed in Delaware and have their principal places of business in Texas.  *Id.*  But Contek then pivots to discussing the Chisholm Defendants' members.  It asserts that Defendant Chisholm Energy Operating, LLC has only one member, Chisholm Energy Holdings, LLC.  *Id.*  Contek also alleges that Defendant Chisholm Energy Management, LLC has two members: Chisholm Energy Holdings, LLC and Chisholm Energy Management Holdings, LLC.  *Id.*  Contek concludes, "None of the members of Chisholm Energy Holdings, LLC or Chisholm Energy Management Holdings, LLC are citizens of New Mexico or Arizona.  Rather, they are citizens of Texas, Delaware, and Colorado."  *Id.*  It is unclear whether Contek based this conclusion, at least in part, on the limited liability companies' States of formation and principal places of business.

**LEGAL STANDARD**

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331,

333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b) (2018). 28 U.S.C. § 1332(a)(2) governs an assertion of diversity jurisdiction when a party is a citizen of a foreign state. In this scenario, the district court has original jurisdiction of a civil action where the amount in controversy exceeds $75,000 (exclusive of interests or costs) and the action is between a citizen of a U.S. State and a citizen of a foreign state. § 1332(a)(2). However, subject-matter jurisdiction does not exist if the citizen of the foreign state is lawfully admitted for permanent residence in the United States and is domiciled in the same State as an opposing party. *Id.*

Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the State in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c).

Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every State in which any member is a citizen. *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234.

Here, the facts set forth in the Complaint and the Notice of Removal do not sufficiently establish the citizenship of any party. First, though Plaintiff is a Mexican national, for diversity jurisdiction to exist, the Court must assure itself that he is not "lawfully admitted for permanent residence in the United States and . . . domiciled in the same State" as any Defendant. § 1332(a)(2). The Notice simply alleges that Plaintiff is a Mexican national residing in Arizona. [Doc. 4] at 2. It contains allegations about neither Plaintiff's permanent-residence status nor his domicile. *See id.* That Plaintiff *resides* in Arizona does not sufficiently establish his domicile there. *See Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234; *Middleton*, 749 F.3d at 1200. Without knowing whether Plaintiff is a permanent resident who resides in Arizona *and intends to stay in Arizona indefinitely*, the Court cannot assure itself that diversity jurisdiction exists.

Second, Contek does not properly allege its own citizenship. Contek is a limited liability company and, therefore, a citizen of every State in which its members are citizens. *See Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234. It alleges that its sole member—ERMSI, a corporation—is a citizen of Texas because it is incorporated there. [Doc. 4] at 2. Yet, ERMSI's citizenship is unclear because ERMSI is also a citizen of the State in which it has its principal place of business—a fact that Contek does not allege. *See* § 1332(c); [Doc. 4] at 2. If Contek is incorporated in Texas but has its principal place of business in Arizona, complete diversity may not exist.

Finally, Contek fails to properly allege the citizenship of the Chisholm Defendants. Contek alleges that they "are both Delaware limited liability companies with their principal place[s] of

business in Fort Worth, Texas." [Doc. 4] at 2.  Contek also states that their members "are Delaware limited liability companies." *Id.*  Of course, where a limited liability company is formed or has its principal place of business has no bearing on its citizenship for diversity purposes.  These allegations suggest that Contek may have conflated the citizenship of limited liability companies (who take the citizenship of their members) with corporations (who are considered citizens of both their State of incorporation and their principal place of business)—even though Contek later discusses the Chisholm Defendants' members.  *Id.*; *see* § 1332(c); *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234.  In an amended notice of removal, Contek must allege the citizenship of the Chisholm Defendants by alleging the citizenship of each and every one of their members, in compliance with *Siloam Springs Hotel*.

Accordingly, the Court will give Contek the opportunity to file an amended notice of removal to properly allege the citizenship each and every party at the time the notice was filed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Contek Solutions, LLC amend the Notice of Removal [Doc. 4] to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **September 3, 2020**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **September 3, 2020,** the Court may remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**